UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

          Plaintiff,

    v.

DETECTIVE G. LEE,

          Defendant.

No. 2:18-cv-1110 KJN P

ORDER TO SHOW CAUSE

    Plaintiff is a jail inmate, proceeding pro se, with a civil rights complaint. Plaintiff has been granted an extension of time in which to file his application to proceed in forma pauperis.

    However, review of the court's records[1] reveals that plaintiff previously filed a lawsuit concerning his arrest in February 2017 by Sacramento County Sheriff's Detectives. In <u>Humes v. Sacramento County</u>, No. 2:18-cv-0426 JAM CKD (E.D. Cal.), plaintiff alleges that in February 2017, Detective Harman, Sacramento County Sheriff's Department, came into plaintiff's bedroom and falsely arrested plaintiff for failing to register as a sex offender, in violation of the Fourth Amendment. <u>Id.</u> (ECF No. 1 at 4.) On May 3, 2018, the United States Marshal was ordered to serve process on Detective Harman. <u>Id.</u> (ECF No. 11.)

---

[1] A court may take judicial notice of court records. <u>See, e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1

In the instant complaint, plaintiff alleges that in February 2017, Detective G. Lee, Sacramento County Sheriff's Department, came into plaintiff's bedroom and falsely arrested plaintiff for failing to register as a sex offender, in violation of the Fourth Amendment. (ECF No. 1 at 4.) Further, plaintiff claims that "[w]e just hopefully served Lee's partner a summons! Now's Lee's turn! And we'll do the other two as soon as I get their names!" (Id.)

Rule 20 of the Federal Rules of Civil Procedure governing the permissive joinder of parties provides:

> Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Plaintiff should pursue all of his false arrest claims based on the February 2017 arrest in one action. Because his prior case, No. 2:18-cv-0426 JAM CKD, was filed first, he should pursue his false arrest claims in that case. Plaintiff may amend his complaint in that action, as a matter of right, before defendant Harman files an answer. Fed. R. Civ. P. 15.[2] Should plaintiff learn the identities of the remaining two officers he wishes to serve, he must promptly move pursuant to Rule 15 to file amend his pleading to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended pleading raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c),

////

---

[2] Rule 15(1) provides:
    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
Fed. R. Civ. P. 15(1). If plaintiff cannot meet the provisions of Rule 15(1), he will only be able to amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15.

which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

In other words, plaintiff should not pursue the same false arrest claims in four separate actions. Moreover, filing such false arrest claims in four different actions will subject plaintiff to the assessment of filing fees in each case, for a total of $1400 if he is granted leave to proceed in forma pauperis. If plaintiff files all of his claims in one action, he will only be required to pay one filing fee, $350, if he is granted leave to proceed in forma pauperis.

Because it appears that both Detective Harman and Detective Lee were allegedly involved in plaintiff's arrest in February of 2017, plaintiff's Fourth Amendment claims arise out of the same transaction or occurrence, and will hinge on questions of law common to both detectives. Thus, it appears plaintiff should amend his complaint in No. 2:18-cv-0426 JAM CKD to add detective Lee as a defendant, rather than attempt to pursue a separate action based on the same arrest. Therefore, plaintiff is directed to show cause why this action should not be dismissed without prejudice to his filing an amended complaint in his prior civil rights action challenging the same 2017 arrest, No. 2:18-cv-0426 JAM CKD. In the alternative, plaintiff may choose to file a notice of voluntary dismissal in this action. Plaintiff is cautioned that his failure to respond to this order will result in a recommendation that this action be dismissed without prejudice to plaintiff pursuing his claims against defendant Lee in the earlier-filed action, No. 2:18-cv-0426 JAM CKD.

Finally, plaintiff has filed several motions in an attempt to gain assistance in obtaining the information required to accompany his request to proceed in forma pauperis. (ECF Nos. 4, 7, 8.) However, because this order may obviate the need for plaintiff to submit such information (in addition to his need to pay a filing fee in this action), and plaintiff has been granted an extension of time to comply, plaintiff's motions are denied without prejudice, as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, within thirty days, why this action should not be dismissed without prejudice to plaintiff filing an amended complaint in his prior case, No. 2:18-cv-0426 JAM CKD; in the alternative, plaintiff may request this action be voluntarily dismissed; and

3

2. Plaintiff's motions (ECF Nos. 4, 7, 8) are denied without prejudice as moot.

Dated: June 18, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/hume1110.osc

4